a33

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of PILECO, INC., <br><br>Plaintiff, <br><br>v. <br><br>SLURRY SYSTEMS, INC. and FIDELITY AND DEPOSIT INSURANCE COMPANY OF MARYLAND, <br><br>Defendants. | Case No. 09 C 7459 <br><br>Magistrate Judge Arlander Keys |
| SLURRY SYSTEMS, INC., <br><br>Third Party Plaintiff <br><br>v. <br><br>BAUER MASCHINEN GMBH, <br><br>Third Party Defendant. | |

## MEMORANDUM OPINION AND ORDER

On June 27, 2012, the Court entered an order setting August 20, 2012 as the deadline for Slurry Systems, Inc. ("SSI") to disclose its experts and October 5, 2012 as the deadline for Pileco to depose SSI's experts. *See* Docket #186. According to Pileco, it received SSI's expert reports late, on August 22, 2012. Pileco also contends that, despite those two extra days, SSI's expert reports still fell short of satisfying the requirements of Federal Rule of Civil Procedure 26. For this

reason, Pileco filed a motion, arguing that SSI's expert reports should be stricken and its experts barred from testifying at trial. Third-party defendant Bauer Maschinen joins in Pileco's motion.

Although they don't specifically say so, the Court assumes that Pileco and Bauer seek to strike SSI's expert reports under Federal Rule of Civil Procedure 37(c), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the witness is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Here, Pileco and Bauer argue that SSI failed to provide the requisite disclosures under Rule 26(a), which requires a party to disclose "the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The Rule further provides that the disclosure "must be accompanied by a written report – prepared and signed by the witness" and that the report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or

support them;

> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Pileco and Bauer argue that SSI provided their experts' written reports late and that the reports, as originally disclosed, failed to include all of the information spelled out in Rule 26(a)(2)(B). More specifically, they argue, the report from Phillip Klein "does not contain the facts and data he relied upon," fails to include information concerning his qualifications, fails to include a list of his publications, fails to include a list of cases in which he had participated in the past 4 years, and fails to provide a statement of compensation. Pileco and Bauer argue that the report from John O'Malley fails to include the facts and data considered in forming his opinions, fails to include a list of cases in which he had participated in the past 4 years, and fails to provide a statement of compensation. And the report from Peter Weller fails to provide a statement of compensation.

On summary judgment, the Court noted that the parties have an extremely contentious relationship, and that their relationship has made this case much more complicated than it needs to be. Based upon the current round of briefs, the Court is inclined to think that nothing has changed in this regard. Essentially, Pileco and Bauer have moved to strike SSI's experts and bar them from testifying – harsh remedies to be sure, especially in a case like this, which will turn on expert testimony – because they received the reports a couple of days after the deadline for disclosure and because the reports failed to include, the first time around, information concerning the experts' experience and compensation – information Pileco and Bauer unquestionably received a few days later.

First, it is not clear that SSI failed to do what it was supposed to do under Rule 26(a). Pileco and Bauer argue that they *received* the expert reports 2 days late. But the reports appear to have been served on the date they were due to be disclosed. *See* Fed. R. Civ. P. 5(b)(2)(C). Additionally, although Pileco and Bauer have argued that the reports prepared by Phillip Klein and John O'Malley fail to contain the facts or data considered in forming the opinions identified, that is not entirely accurate. Mr. Klein's report identifies the documents he reviewed in connection with this case, as well as his understanding of the background facts giving rise to the parties'

claims. Mr. O'Malley's report identifies the opinions he plans to express and represents that the opinions are based upon the documents listed in the report, his interviews with SSI employees and his experience, generally and in connection with specific projects identified in the report. To the extent Pileco and Bauer think the bases for SSI's experts' opinions are inadequate, they can explore the issue when they depose the experts.

Additionally, although it is true that the expert reports did not contain some of the required information - compensation information and information relating to publications and experience, that information was provided within a few days of the initial reports. Any "deficiencies" were remedied by August 29th - more than a month before the expert deposition deadline. As a result, Pileco and Bauer would be hard pressed to show that these shortcomings in any way prejudiced them in obtaining what they need in the way of expert discovery; indeed, they have merely represented that they have been prejudiced, without ever explaining how SSI's disclosures have caused them harm. Tellingly, Pileco and Bauer could have simply spent the past month preparing for depositions and taking the depositions within the time frame spelled out in the Court's order; instead - consistent with the way they have behaved throughout these proceedings - they chose to fight, to make the case more contentious and difficult than it needs to be.

## Conclusion

For the reasons explained above, the Court denies Pileco's motion to strike SSI's expert reports and to bar SSI's experts from testifying. Pileco and Bauer have until November 9, 2012 to depose SSI's experts.

Date: October 11, 2012

ENTERED:

*[signature: Arlander Keys]*

MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT