IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
UNITED STATES OF AMERICA,      )
for the use and benefit of     )
PILECO, INC.,                  )
                               )
          Plaintiff,           )
                               )
     v.                        )   Case No. 09 C 7459
                               )
SLURRY SYSTEMS, INC. and       )   Magistrate Judge Arlander Keys
FIDELITY AND DEPOSIT           )
INSURANCE COMPANY OF           )
MARYLAND,                      )
                               )
          Defendants.          )
-------------------------------)
SLURRY SYSTEMS, INC.,          )
                               )
     Third Party Plaintiff     )
                               )
     v.                        )
                               )
BAUER MASCHINEN GMBH,          )
                               )
     Third Party Defendant.    )
```

## MEMORANDUM OPINION AND ORDER

In this lawsuit, Pileco, Inc. has sued Slurry Systems, Inc. ("SSI") and its surety, Fidelity and Deposit Company of Maryland ("F&D"), seeking to recover money allegedly owed on a contract executed in connection with a reservoir project undertaken by the Army Corps of Engineers in Willow Springs, Illinois. In its complaint, Pileco alleged two counts: a Miller Act claim seeking payment on a performance bond issued by F&D in connection with

the project; and a breach of contract claim seeking monetary damages in excess of $4 million from SSI.  SSI filed a counterclaim alleging that, in connection with the reservoir project, it subcontracted with Pileco and Bauer to provide certain equipment necessary to the job, that the equipment never worked properly, that Pileco and Bauer breached their agreement with SSI, and that SSI paid Pileco all that it was due under the contract.  SSI's counterclaim included nine counts: (1) breach of contract; (2) breach of express warranty; (3) breach of implied warranty of merchantability; (4) breach of the implied warranty of fitness for a particular purpose; (5) promissory estoppel; (6) alternative breach of contract (Bauer); (7) alternative breach of contract (Pileco and Bauer); (8)alternative declaratory judgment; and (9) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.  All are asserted against both Pileco and Bauer, except for count 6, which is asserted against Bauer alone.

After the Court denied the parties' motions for summary judgment, the case was set for trial.  The parties tried the case to a jury over a period of 8 days in May of this year.  Just before the case went to the jury, SSI dropped its claim for breach of the implied warranty of fitness for a particular purpose; the remainder of the case went to the jury.  The jury instructions, agreed to by the parties, accurately stated the law regarding the parties' claims and defenses, but were extremely

long (57 pages – for what was, at its core, a breach of contract case) and rather convoluted. For example, at the request of the parties, the instructions relating to the breach of contract claims included a full recitation of the contract language, and the instruction relating to the stipulations of the parties was, by itself, three pages, single spaced.

After about four hours of actual deliberations (not long, given that the parties had together introduced more than 6 binders of exhibits and that the instructions were 57 pages long), the jury returned its verdict. The verdict form reflected the following:

(1) on Pileco's breach of contract claim against SSI, the jury found in favor of Pileco and awarded $2,000,000, leaving the equitable adjustment line blank;

(2) on Pileco's claim against F&D on the bond, the jury found for Pileco and awarded $1,000,000;

(3) on SSI's breach of contract claim against Pileco, the jury found for SSI and awarded $600,000;

(4) on SSI's breach of contract claim against Bauer, the jury found for SSI and awarded $3,400,000;

(5) on SSI's breach of express warranty claims, the jury found for SSI and awarded $100,000 against Pileco and $400,000 against Bauer;

(6) on SSI's breach of implied warranty claims, the jury found for SSI and awarded $100,000 against Pileco and $400,000 against Bauer;

(7) on SSI's Consumer Fraud Act claim, the jury found for SSI and awarded punitive damages against Bauer in the amount of $20,000,000; the jury awarded SSI nothing in compensatory damages on this claim. Finally, the jury left blank the paragraph relating to SSI's promissory estoppel claim.

The Court and the parties immediately realized that the verdict was problematic in a number of respects. Most significantly, the jury clearly wanted to send a message to Bauer with its punitive damages award. However, given that the jury awarded no compensatory damages on the Consumer Fraud Act claim, it was clear from the outset that the punitive damages award could not stand. Additionally, although the jury seemed to attempt to "split the baby" with regard to the parties' breach of contract claims, it failed to consider a key component of the parties' contractual obligations – namely, the equitable adjustment, which all parties agreed would affect any damages award on these claims.

After discussing the problems with the verdict, the Court and the parties met once again to attempt to resolve the parties' dispute. That attempt was unsuccessful. Accordingly, the Court must now formally consider how best to proceed.

Federal Rule of Civil Procedure 59(d) allows a Court, on its own motion, to order a new trial "for any reason that would justify granting one on a party's motion." A new trial is appropriate, among other reasons, when the verdict is against the weight of the evidence or where the verdict is excessive or inadequate in some way. *E.g., Pickett v. Sheridan Health Care Center*, 610 F.3d 434, 440 (7th Cir. 2010)(citing *Emmel v. Coca-Cola Bottling Co.*, 95 F.3d 627, 636 (7th Cir.1996))). Both are true here: the jury's verdict was, in at least one respect, contrary to the weight of the evidence, and, in at least one respect, excessive.

First, the verdict was against the weight of the evidence. As explained above, the jury instructions and the evidence adduced at trial demonstrated that, if Pileco won on its breach of contract claim, SSI would be entitled to some sort of an offset – what the contract termed an "equitable adjustment" in any damages award. The testimony at trial was unambiguous on the issue. The instructions on Pileco's breach of contract claim stated that:

> SSI and Pileco agree that SSI is entitled to an equitable adjustment but disagree on the amount of that equitable adjustment. If you find that Pileco is entitled to any damages then you must determine the amount of the equitable adjustment to which SSI is entitled.

Despite this instruction, which was reiterated on the verdict form, the jury awarded damages to Pileco on its breach of

5

contract claim, but failed to consider any equitable adjustment. The equitable adjustment could have wiped out Pileco's breach of contract award. In this respect, the verdict was both against the weight of the evidence and inadequate.

The verdict must also be set aside because of the amounts awarded on SSI's Illinois Consumer Fraud Act claim. As explained, on this claim, the jury awarded nothing in compensatory damages and $20 million in punitive damages. The punitive damages award is monstrously excessive under any standard and particularly where the amount of actual damages was determined to be zero on that claim. Although punitive damages are certainly recoverable on this claim, and although the testimony at trial was enough to get the claim to the jury, the amount awarded was way too high. *E.g., BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575-576, 580-581 (1996)(punitive damages may not be grossly out of proportion to the actual harm suffered or to the reprehensibility of the conduct at issue); *Keeling v. Esurance Ins. Co.*, 660 F.3d 273 (7th Cir. 2011)(awards where the punitive damages are a single-digit multiple of the compensatory damages pass constitutional muster; beyond that they likely do not).

In *Keeling*, the Seventh Circuit noted that courts in Illinois have affirmed awards for violations of the Consumer Fraud Act that include punitive damages that are in the range of

6

four to seven times the compensatory damages, and that this range would seem to be consistent with the Supreme Court's guidelines on the issue. *Keeling*, 660 F.3d at 275 (citing *Gehrett v. Chrysler Corp.*, 379 Ill.App.3d 162, 882 N.E.2d 1102 (2008)(multiplier of seven); *Bates v. William Chevrolet/GEO, Inc.*, 337 Ill.App.3d 151, 785 N.E.2d 53 (2003)(multiplier of seven); *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 23-24 (1991)(suggesting that a multiplier of four is close to constitutional limit); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 425 (2003)(suggesting that a multiplier that was larger than four but still in the single digits could pass muster)). Without even considering the degree of the reprehensibility of Bauer's conduct – which would likely fall on the low end of the scale in any event,[1]– it is clear that the jury's award in this case was way out of whack. It cannot stand.

For these reasons, the Court finds that a new trial is warranted. The Court, therefore, exercises its discretion under Rule 59(d) to order a new trial. The re-trial of this case is scheduled for September 9, 2013 at 10:00 a.m.

---

[1] In *BMW*, the Supreme Court suggested a hierarchy of conduct that may be sufficiently reprehensible to justify an award of punitive damages, with violent acts on the high end, trickery and deceit in the middle and negligence on the low end; additionally, repeated misconduct is more reprehensible than a single instance of malfeasance. *BMW*, 517 U.S. at 575-577.

Date: July 18, 2013

                                   E N T E R E D:

                                   *[signature: Arlander Keys]*

                                   MAGISTRATE JUDGE ARLANDER KEYS
                                   UNITED STATES DISTRICT COURT